IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOHNNY R. BYRD , etc., )
    Plaintiff, )
)
v. ) CA 13-0550-WS-C
)
CAROLYN W. COLVIN, )
Acting Commissioner of the )
Social Security Administration, )
    Defendant. )

## REPORT AND RECOMMENDATION

This case is before the Magistrate Judge for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b), on the Commissioner's motion to dismiss plaintiff's complaint due to a lack of subject matter jurisdiction. Upon consideration of the motion to dismiss (Doc. 11), plaintiff's response (Doc. 13), and the comments of the parties at the July 8, 2014 proceeding before the undersigned, it is **RECOMMENDED** that the Court **GRANT** the defendant's motion to dismiss based on a lack of subject matter jurisdiction.

## FINDINGS OF FACT

Plaintiff filed this *pro se* action in this Court on November 12, 2013, and while the face of the complaint alleges that "[t]he Commissioner's decision to deny the plaintiff's application was erroneous and was not supported by substantial evidence in the administrative record[]" (Doc. 1, at 2), the attached letter reveals that plaintiff is complaining about the Social Security Administration's recovery of an overpayment of benefits made to plaintiff and his then minor daughter Kayla (*see id.* at 3).

> I received disability payments from Social Security. When I was able to return to work I notified Social Security and was told I could continue to work as long as I

did not exceed a certain income. I repeatedly notified Social Security of my return to work, my income and my increases in income. Each time I was repeatedly told by Social Security they would investigate, contact me and adjust benefits if needed. Social Security never contacted me. I then began to receive increases in disability benefits. I continued to contact them and received the same reply that they would get back to me. The only word from Social Security I ever got was paperwork announcing an increase in my benefits. Years later they announced I have been overpaid. I repeatedly contacted them by phone and in writing disagreeing and stating the same things. The amount of the overpayment from Social Security then began to fluctuate up and down. I never could get a final figure because each time I contacted them they said they were checking and would get back to me. I began to make payments to them in an effort to resolve things. They then began to withhold tax refunds. I continued to ask what was the final figure and it never stopped fluctuating up and down and Social Security continued to advise they were checking. Finally, I got an attorney but all efforts were rejected. Social Security has never taken into consideration the payments I made nor the tax refunds they withheld. Social Security has never given me an accounting of what they say I owe, what I paid into them and what they withheld in tax refunds and they have never given an accounting on how they arrived at the latest figure they say I owe. I have tried to obtain a waiver due to the negligence and fault of Social Security [] without success. I am now totally disabled again due to cancer. I applied for new benefits and was told I qualified but NO benefits would be paid until all money has been repaid. I am now unable to work, I am penniless and I have no source of income to live on. Some adjustment must be given to me and some benefits must be given to me so I can survive.[1]

(*Id*. at 3 (footnotes added).) Byrd attached to the complaint two notices sent to him from the Social Security Administration dated September 13, 2013. (Doc. 1, at 5-15.) Both of these notices, from the Appeals Council, informed him that his request for a hearing had been dismissed based on the doctrine of *res judicata*. (*See* Doc. 1, at 9 & 15 ("[T]he Appeals Council hereby dismisses the request for hearing filed on July 14, 2011 under the doctrine of *res judicata*. The determination dated May 3, 2006 stands as the final decision of the Commissioner.").) These decisions were based off of a series of events and transactions dating back to 1992, according to

---

[1] Based on Mr. Byrd's comments at the hearing on July 8, 2014, it is clear that he now receives monthly disability insurance benefits of approximately $2,300 and that the Social Security Administration withholds from those monthly benefits $500.00 for repayment of the amount of his (and his daughter's) overpayment totals.

Mr. Byrd's statements to the Court on July 8, 2014, when he was first granted and started receiving disability insurance benefits.

As aforesaid, Johnny Byrd received disability insurance benefits in 1992 and his daughter, Kayla, began receiving benefits a few years later based upon his entitlement to benefits. On November 15, 2005, the Social Security Administration determined that Johnny Byrd "no longer qualified for benefits as of February 1, 2001," and that his daughter, Kayla, had received excess benefits of $20,694.00. (*Compare* Doc. 11, Exhibit 6, at 3 *with id.* at 8.) That same date, Byrd received notice that he had "received excess benefits beginning February 2001 of $41,388.10." (*See* Doc. 1, at 8.) Subsequently, the Social Security Administration revised their total excess payments on March 14, 2006, and informed Johnny that he had received excess benefits in the amount of $88,639.40, and that Kayla had received excess benefits in the amount of $44,341.00, through October of 2005. (*Compare id*. *with* Doc. 11, Exhibit 6, at 3 & 11) On May 7, 2006, the Social Security Administration again revised the totals, and informed Johnny that he had received excess benefits in the amount of $90,600.10, and that Kayla had received excess benefits still in the amount of $44,341.00, still through October of 2005. (*Id*.) Plaintiff did not appeal any of these determinations. (*Compare* Doc. 1, at 8 *with id.* at 14.)

On November 17, 2010, the Social Security Administration notified Byrd of its determination that his and Kayla's benefits should have been suspended for two additional months not previously referenced in a determination, that is, September and October of 2003, due to his substantial gainful activity. (*See* Doc. 11, Exhibit 6, at 26 & 29.) The Social Security Administration advised Byrd that "Kayla was not entitled to benefits for September 2003 and October 2003; [and] [i]t had paid excess benefits to Kayla of $41,153.21." (Doc. 1, at 13.) It also stated that Johnny received excess benefits of $1,637.30 in those same months, and indicated that

3

his adjusted overpayment balance was $80,933.93. (*Id*. at 7.) After receiving these notices, Byrd, by letter dated November 21, 2010, disagreed with the amount of the overpayment and requested waiver of recovery of the overpayment. (*See* Doc. 11, Exhibit 6, at 3 & 24-25.) On March 22, 2011, the Social Security Administration issued reconsideration determinations finding its November 7, 2010 determination regarding Kayla's overpayment total was correct (*see id.* at 4) and that Johnny's overpayment determination "was correct in part." (Doc. 11, Exhibit 2, at 1.)

Byrd, through counsel, made a request for a hearing before an Administrative Law Judge on July 13, 2011; the SSA received this request on July 14, 2011. (*See* Doc. 11, Exhibit 3.) On August 5, 2011, the ALJ rejected Byrd's request on the basis that it was untimely. (*See id*., Exhibit 4) Byrd's September 28, 2011 request for review of the hearing decision (*see id.,* Exhibit 5), was received by the SSA on October 3, 2011 (*see* Doc. 1, at 6 & 12).

The Appeals Council determined in a decision dated April 29, 2013 that Byrd had good cause for missing the deadline to request a hearing and, therefore, vacated the ALJ's order of dismissal. (*See* Doc. 11, Exhibit 6, at 4.)[2] Nevertheless, the Appeals Council further informed the claimant that it still intended to dismiss his request for a hearing pursuant to 20 C.F.R. § 404.957(c)(1) since "*res judicata* applies to the reconsidered determination dated March 22, 2011[.]" (*Id.* at 5.)

> Specifically, we plan to find that the Social Security Administration made a revised determination dated May 7, 2006 regarding the facts, issues, and your rights in connection with the overpayment of benefits through October 2005, and that revised determination is final and binding. Thus, in the absence of revision

---

[2] This decision of the Appeals Council is directed to plaintiff's request for review with respect to the overpayment amount relating to Kayla. (*See id.* at 1.) The decision of the Appeals Council directed to plaintiff's request for review respecting his overpayment amount was issued on July 10, 2013 (*see* Doc. 1, at 6) but is not made a part of this record. The exclusion of such decision is not material, however, given that it is clear from the Appeals Council's orders dated September 13, 2013, that its July 10, 2013 notice of action was in all material respects identical to its April 29, 2013 notice of action.

> due to clerical error or error appearing on the face of the evidence that was considered when the determination was made, the regulations preclude the Social Security Administration from further revising the final determination dated May 7, 2006. The notice dated March 22, 2011 does not identify revision due to the presence of such clerical error and, as such, has no effect on the findings included in the final determination dated May 7, 2006 and does not convey a right to a hearing regarding those facts and issues.
>
> This means that you did not receive an additional overpayment of $818.00 for September 2003 and October 2003 [in the case of Kayla, and $1,637.30 with respect to Johnny], and a hearing regarding that issue would have no practical effect.
>
> Thus, we plan to dismiss the request for hearing. The revised determination dated May [7], 2006 will stand as the final decision of the Commissioner.

(*Id.*) In other words, the 2010 revisions of the totals owed were not binding upon Johnny and Kayla Byrd (that is, they were of no import or consequence), and, thus, the totals from May of 2006 were final and barred from further review based on the doctrine of res *judicata*. (*See id.*)

By virtually identical orders dated September 13, 2013, the Appeals Council held that "the determination[s] dated November 17, 2010 (upon which the claimant requested a hearing) ha[ve] no effect on the final determination[s] dated May 7, 2006[,]" and "[u]nder the doctrine of *res judicata*, further review of the subject determination regarding the claimant's entitlement and payment for [Septem]ber 2003 and [Octo]ber 2003 has no practical effect." (Doc. 1, at 9 & 14.) The Appeals Council dismissed the request(s) for a hearing filed on July 14, 2011 under the doctrine of *res judicata* on the basis that the determinations dated May [7], 2006 constituted the final decisions of the Commissioner. (*See id.* at 9 & 15.)

> The doctrine of *res judicata* applies when the Social Security Administration has made a previous determination about a claimant's rights on the same facts and the same issue or issues and that previous determination or decision has become final by either administrative or judicial action (20 CFR 404.957(c)(1)). In the event the claimant requests a hearing in connection with a determination that has already become final, the Administrative Law Judge may dismiss that request for hearing.

> The subject determination, dated November 17, 2010, . . . contained no language indicating that [the] Social Security Administration had reopened and revised any prior determination.
>
> As discussed below, the Appeals Council finds that the Social Security Administration has previously made a determination regarding the claimant's rights with respect to the claimant's entitlement to benefits through October 2005 and that determination is administratively final and not subject to further administrative review.
>
> An initial determination of overpayment is binding unless a claimant files a written request for reconsideration within 60 days after the date he receives notice (or within an extended period, if granted good case for missing the deadline), or if the Social Security Administration revises its initial determination (20 CFR 404.905, 20 CFR 404.909, and 20 CFR 404.911). A revised determination of overpayment is binding unless the claimant file a written request for a hearing within 60 days of the date he receives the notice of revision or the Social Security Administration further revises its determination (20 CFR 404.993, 20 CFR 404.994).
>
> A final determination is subject to reopening and revision as set forth at 20 CFR 404.987 through 20 CFR 404.989. Published procedures provide that a final determination may be reopened and revised only when it was incorrect when made and subject to specific time limits and conditions . . . . In a case involving an initial determination made more than four years prior, the Social Security Administration may reopen and revise the determination only if it was fully or partially unfavorable to a party and revision corrects a clerical error or an error that appears on the face of the evidence that was considered when the determination was made (20 CFR 404.988(c)(8)).
>
> . . .
>
> Each notice [from November 15, 2005 through May 7, 2006] advised the claimant that if he disagreed with the determination he had the right to file a written appeal within 60 days of the date he received the notice and that he had the right to request a determination concerning whether the Social Security Administration would waive recovery of the overpayment. The claimant did not submit a written appeal or request waiver of recovery in connection with any specified notice, and the Social Security Administration did not reconsider or further revise its determinations. Thus, the determination dated May 7, 2006 regarding the facts and issues of the claimant's entitlement and overpayment through October 2005 is final and binding.

(*Id*. at 7, 8, 13 & 14.)

As a result of the Appeals Council's orders dated September 13, 2013, plaintiff Byrd filed this suit. Byrd asks the Court to review the decisions dismissing his hearing request(s) and to reopen the issue regarding the amounts owed. In the complaint, the plaintiff only seeks the right to be heard and raises no other issues. In response to this complaint, the defendant filed a motion to dismiss based on a lack of subject matter jurisdiction for this Court. (*See* Doc. 11.) Defendant Carolyn W. Colvin, the Acting Commissioner of the Social Security Administration, contends that "Courts generally lack jurisdiction to review a decision denying a claimant's request to reopen based on res judicata." (*Id.* at 1.) The defendant cites multiple cases that support the position of the Administration.[3]

In his reply, Byrd simply reiterated his desire to be heard. (Doc. 13.)

> Please let this letter serve as a response to the notice that I received on 15th of May 2014 and to my understanding that I have had a lack of subject matter jurisdiction and will be dismissed on June 5, 2014. I have filed this complaint against the Social Security Administration and I want to be heard on this matter. . . . I do not feel that I owe the SSA what they are saying. . . . I want to be able to show my proof to the courts that we have done ALL and EVERYTHING that they have requested of us.

(*Id.*) In this reply, plaintiff makes no showing that this Court may exercise subject matter jurisdiction in this case or that he has a viable constitutional challenge; plaintiff cites no cases and does not refute the contentions made by the defendant or the binding precedent set forth in the defendant's motion to dismiss.

As previously indicated, the undersigned set this matter down for a hearing on July 8, 2014, and heard from plaintiff. During the hearing, plaintiff did not raise the specter of a constitutional issue and, furthermore, provided this Court with information establishing that he did not appeal the overpayment determinations made by the Social Security Administration in November of 2005, March of 2006, and May of 2006.

---

[3] *See, e.g., Holland v. Heckler,* 764 F.2d 1560 (11th Cir. 1985).

## CONCLUSIONS OF LAW

This Court's jurisdiction over the present action is governed by 42 U.S.C. § 405(g), which provides for judicial review solely of "any final decision of the Commissioner of Social Security <u>made after a hearing</u>." *Id.* (emphasis supplied). "The Social Security Administration's regulations provide that the Commissioner may dismiss a hearing request and decline to issue a 'final decision' if the doctrine of res judicata applies [and] the Commissioner has made a previous decision about the claimant's rights on the same facts and the same issues, and this previous determination has become final. 20 C.F.R. § 404.957(c)(1)." *Cash v. Barnhart*, 327 F.3d 1252, 1255 (11th Cir. 2003). Indeed, "[a]s a general matter, district courts do not have jurisdiction over the Commissioner's refusal to reopen a claim, since such a refusal is not a 'final decision' within the meaning of 405(g)." *Id.* at 1256, citing *Califano v. Sanders*, 430 U.S. 99, 107-109, 97 S.Ct. 980, 985-986, 51 L.Ed.2d 192 (1977); *see also Sneed v. Barnhart,* 214 Fed.Appx. 883, 885 (11th Cir. Dec. 22, 2006) (noting a "lack [of] jurisdiction to review the Appeals Council's refusal to reopen."). This is because "a decision refusing to reopen an earlier application ordinarily is considered an interim decision not reviewable under § 405(g)." *Cash, supra,* 327 F.3d at 1256 (citations omitted); *see also Holland, supra,* 764 F.2d at 1562 ("If the [Commissioner] finds *res judicata* applicable, that finding is generally unreviewable by the federal courts because it is not a 'final decision of the [Commissioner] made after a hearing' as required by the Social Security Act for federal jurisdiction."). However, there are limited circumstances in which federal courts do have the jurisdiction to review such a decision. "[F]ederal courts lack subject matter jurisdiction to review a denial of a request to reopen except where: (1) the claimant raises a colorable constitutional claim, or (2) the Commissioner *de facto* reopens and reconsiders the merits of the prior administrative determination or decision." *Bello*

*v. Commissioner of Social Security,* 460 Fed.Appx. 837, 840 (11th Cir. Feb. 23, 2012) (citations omitted); *see also Woods v. Apfel,* 2000 WL 1367986, *3 (S.D. Ala. Aug. 18, 2000) ("[T]he Court of Appeals for this Circuit has held that it has subject matter jurisdiction to review the [Commissioner's] decision not to reopen a prior application where (1) the decision is reconsidered on the merits to any extent at any administrative level . . .; or (2) a colorable constitutional claim is raised[.]" (citations omitted)).

Plaintiff has not challenged the Commissioner's decisions on constitutional grounds nor, indeed, has he addressed the Commissioner's arguments regarding the Court's jurisdiction. (*Compare* Doc. 1 *with* Doc. 13.) Instead, plaintiff simply stakes the position that he does not owe the Social Security Administration the amounts it says are owed. Because Byrd raises no constitutional challenge, this Court can only consider whether the revised determinations of May 7, 2006 were reopened and revised.

As set forth in the Commissioner's regulations, an initial determination of overpayment is final and binding unless a request for reconsideration is made within 60 days, or the agency makes a revision to the initial determination, 20 C.F.R. §§ 404.905, 404.909 & 404.911, and a revised determination of overpayment is final and binding unless a written request for a hearing is made by a claimant within 60 days of receipt of the notice of revision or the Administration again revises its determination, 20 C.F.R. §§ 404.993 & 404.994. Finally, a final determination is subject to reopening and revision as set forth in 20 C.F.R. § 404.987 through § 404.989, § 404.988(c)(8) specifically providing that a determination or revised determination may be reopened at any time (that is, more than four years after such determination) if "[i]t is fully or partially unfavorable to a party, but only to correct clerical error or an error that appears on the face of the evidence that was considered when the determination or decision was made[.]" *Id.*

Here, the initial determinations of overpayment were made in November of 2005, revised in March of 2006, and revised again on May 7, 2006. Because Byrd did not object to any of these determinations, those determinations became final and binding absent a *de facto* reopening and revision by the Social Security Administration. On November 17, 2010, the Administration did send to Byrd notices revising the overpayment totals and in reconsideration determinations dated March 22, 2011 advised Byrd that the overpayment determinations of November 17, 2010 were correct or correct in part; however, because those determinations were made more than four years after the revised determinations dated May 7, 2006, and gave no indication that the SSA was reopening and revising[4] those prior revised determinations, "the determination[s] dated May 7, 2006 regarding the facts and issues of the claimant's entitlement and overpayment through October 2005" were final and binding. Thus, the Appeals Council dismissed Byrd's request for a hearing based upon the doctrine of *res judicata* given that the determinations dated May 7, 2006 constituted the final decisions of the Commissioner.

The undersigned finds nothing inherently wrong with the analysis performed by the Appeals Council and, indeed, finds nothing in the November 17, 2010 determinations—or the March 22, 2011 reconsideration determinations—which constitute a reopening and revision of the SSA's May 7, 2006 revised determinations. Therefore, the undersigned recommends that the Court conclude that it lacks jurisdiction to review the Commissioner's dismissal of plaintiff's hearing request on *res judicata* grounds. *Stabile v. Astrue,* 2012 WL 1883795, *4 (M.D. Fla. May 22, 2012) ("'If the [Commissioner] finds *res judicata* applicable, that finding is generally

---

[4] "The notice dated March 22, 2011 does not identify revision due to the presence of [] prior [clerical error or] error [appearing on the face of the evidence that was considered when the determination was made] and, as such, has no effect on the findings included in the final determination dated May 7, 2006[.]" (*See* Doc. 11, Exhibit 6, at 5.)

unreviewable by the federal courts because it is not a "final decision of the [Commissioner] made after a hearing" as required by the Social Security Act for federal jurisdiction.'").

## CONCLUSION

Based on the foregoing, the Magistrate Judge recommends that the Commissioner's motion to dismiss (Doc. 11) be **GRANTED**. Subject matter jurisdiction does not exist in this Court; therefore, this cause should be dismissed.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*." *Dupree v. Warden,* 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 17th day of July, 2014.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**